NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0495n.06

No. 13-5933

FILED
Jul 08, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MEGAN GILLEY,                                     )
                                                  )
        Plaintiff-Appellant,                      )
                                                  )
v.                                                )        ON APPEAL FROM THE
                                                  )        UNITED STATES DISTRICT
MARCIA DUNAWAY; GARRY JACKSON,                    )        COURT FOR THE
Individually and in their Official Capacities;    )        EASTERN DISTRICT OF
TRIMBLE COUNTY, KENTUCKY                          )        KENTUCKY
BOARD OF EDUCATION                                )
                                                  )
        Defendants-Appellees.                     )


BEFORE:     BATCHELDER, Chief Judge; SILER and CLAY, Circuit Judges.

        **ALICE M. BATCHELDER, Chief Judge.**  Appellant Megan Gilley alleges that she

was sexually abused during her high-school years by her coach, Jeff Vincent, and she wants to

hold her former school board – Trimble County Board of Education – and the Board's

superintendents – Marcia Dunaway and Garry Jackson[1] – liable for this abuse.  But Gilley's

claims are subject to Kentucky's one-year statute of limitations for personal injury actions, and

Gilley failed to file her claims during the statutory period.  Still, Gilley claims that the statute of

limitations is tolled pursuant to Kentucky Revised Statutes ("KRS") § 413.190(2) because the

Board fraudulently concealed Gilley's causes of action.  The district court granted the Board's

---

[1]For the purposes of this opinion, we refer to all Appellees – the school board and the two superintendents – collectively as "the Board."  However, we refer to Dunaway and Jackson individually where necessary.

motion to dismiss Gilley's claims for failure to state a claim upon which relief can be granted. For the reasons set forth below, we AFFIRM the district court's judgment.

**I.**

Gilley and Vincent allegedly engaged in a sexual relationship while Gilley was a student and Vincent was a coach at Trimble County High School. Gilley claims that this relationship began when she was 14 years old and continued until she graduated (from 2001 until 2005); that the sexual acts took place at Vincent's home; and that Vincent also would supply her with alcohol and marijuana.

Gilley's Amended Complaint alleges that the Board had "actual knowledge" and a "reasonable suspicion" of Vincent's relationship with Gilley while Gilley was still a student at the school. During school one day, Gilley's classmate and friend, Lora Cull, informed Dunaway that she had witnessed Vincent and Gilley kissing, and that she had read text messages from Vincent to Gilley wherein he described having sex with Gilley.[2] Cull claims that, in response to her report, Dunaway "called her a liar." Following Cull's report, Dunaway and Jackson conducted a "district investigation," in which they questioned Vincent about the relationship, and he denied it.[3] Jackson further "instructed Vincent to obtain a letter from [Gilley's] mother that no such relationship was occurring." The Amended Complaint alleges that because Gilley's

---

[2]The Amended Complaint does not indicate the date on which Cull provided Dunaway with this information. However, Gilley claims that she was under 18 years old at the time and was still a student.

[3]The Board contends that they also questioned Gilley during this investigation, and that she denied the relationship with Vincent. Gilley attached as an exhibit to her complaint Vincent's affidavit, in which he states that Gilley was questioned during the investigation, and that she denied the relationship. The district court accepted this fact as true for the purposes of its opinion. On appeal, Gilley has attempted to distance herself from that part of the affidavit, claiming that the affidavit was attached only to support her contention that the Board conducted a district investigation in which it questioned Vincent and Gilley's mother. She maintains that she in fact was not questioned during the investigation.

mother was unaware of a sexual relationship between Gilley and Vincent, she provided such a letter to the Board.[4]

Based on this investigation, the Board did not report any sexual abuse to any governmental authorities. Gilley claims that the Board was required to report this suspected sexual abuse pursuant to KRS § 620.030(1), which states:

> Any person who knows or has reasonable cause to believe that a child is dependent, neglected, or abused shall immediately cause an oral or written report to be made to a local law enforcement agency or the Department of Kentucky State Police; the cabinet or its designated representative; the Commonwealth's attorney or the county attorney; by telephone or otherwise.

Further, Gilley alleges that by not reporting the suspected sexual abuse, the Board "actively concealed [its] knowledge of the sexual abuse towards [Gilley]" in violation of KRS § 413.190(2), and that she only became aware of the Board's knowledge of the sexual abuse recently when Cull submitted to a police investigator an affidavit that detailed her previous report to Dunaway.

On May 9, 2012, Gilley filed suit against the Board, Jackson, and Dunaway, in Trimble Circuit Court, claiming violations of her rights under both the state and federal constitutions. The Board timely removed the suit to federal district court. Gilley filed an Amended Complaint raising claims under 42 U.S.C. § 1983 for violation of her constitutional right to bodily integrity, under 20 U.S.C. § 1681 (Title IX) for sexual abuse and molestation, and under the Kentucky Constitution for violations of her civil rights. The Amended Complaint also raised various state-

---

[4]It is undisputed that the Board sought and Gilley's mother sent this letter. The parties, however, draw different conclusions from this undisputed fact. Although Gilley contends that the Board sought a letter from her mother only to try to conceal the sexual abuse, the Board asserts that it sought the letter in order to further its investigation of the alleged sexual abuse.

law claims, including claims under KRS § 344.555 for sexual abuse, and claims of negligent supervision, unreasonably retaining Vincent, and failure to investigate. Because in order to prove her claims Gilley must show that the Board had knowledge or reasonably should have had knowledge of her sexual abuse,[5] and because the Board allegedly concealed this element of her claims from her, she asserts that the applicable statute of limitations is tolled pursuant to KRS § 413.190(2).

The Board moved to dismiss Gilley's claims under Rule 12(b)(6), arguing that the statute of limitations had expired on all of the claims, and that the limitations period is not tolled. The district court granted the Board's motion. Gilley now appeals the district court's order to dismiss her claims.

## II.

We "review de novo the grant of a motion to dismiss under Rule 12(b)(6), construing the record in the light most favorable to the non-moving party and accepting all well-pled factual allegations as true." *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[5]To state a § 1983 municipal liability claim under an "inaction" theory, Gilley must establish "notice or constructive notice on the part of the School Board." *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996). To state a KRS § 344 claim, Gilley must show that the Board's knowledge of her abuse and its indifference to it constituted an official policy of the Board that violated her civil rights. *See, e.g.*, *Harness v. Hartz Mountain Corp.*, 877 F.2d 1307 (6th Cir. 1989); *see also* KRS § 344. To state a claim for civil liability for the commission of a criminal act, Gilley must show that the Board committed a crime by not reporting its knowledge of Gilley's abuse. *See* KRS § 446.070; *see also* R. 16, Page ID 203. To state a claim for negligence or gross negligence, Gilley must show that the Board reasonably should have known about Vincent's propensity toward sexual abuse and his relationship with Gilley, and that the Board owed a duty to Gilley to protect her from that abuse. *See Matilla v. South Ky. Rural Elec. Co-op. Corp.*, 240 F. App'x 35, 39 (6th Cir. 2007) ("To establish a claim for negligence under Kentucky law, a plaintiff must prove each of the following elements: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the breach caused the plaintiff's damages.").

556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To allow such an inference to be drawn, the complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id.* (internal quotation marks omitted).

Gilley's sexual-abuse claims are personal-injury claims, raised under either 42 U.S.C. § 1983 or state law, and in Kentucky, all personal-injury claims must be "commenced within one (1) year after the cause of action accrued." KRS § 413.140(1)(a). But Gilley asserts that her alleged injuries occurred prior to her 18th birthday in September of 2005. [R.16, Page ID 198-200.] Due to Kentucky's tolling statute relating to infancy, Gilley's causes of action did not accrue until she turned 18. KRS § 413.170(1). Because Kentucky's one-year limitation for personal-injury actions applies to both state personal-injury claims and federal § 1983 claims, Gilley had until one year following her 18th birthday, or until September 2006, to bring any claims that accrued during her infancy. *See Wilhite v. Corrs. Corp. of Am.*, 498 F. App'x 499, 502 (6th Cir. 2012) ("The statute of limitations applicable to an action brought under § 1983 alleging a violation of civil rights or personal injuries is the state statute of limitations applicable to personal injury actions under the law of the state where the § 1983 claim arises."). Gilley, however, waited almost six years after the statutory period had ended – until May 9, 2012 – to

file her claims in Trimble County Court.[6]  Therefore, unless a tolling provision applies, Gilley's claims are time-barred.

Gilley argues that her claims are not time-barred because the applicable statute of limitations is tolled pursuant to KRS § 413.190(2), which provides in part:

> When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced.

Because Gilley's claims are subject to the one-year statute of limitations for personal-injury actions mentioned in KRS § 413.140, that limitations period is tolled if the Board "abscond[ed] or conceal[ed]" itself or "obstruct[ed] the prosecution of" Gilley's causes of action against it. Gilley argues that the Board fraudulently concealed her causes of action against it by failing to report the alleged sexual abuse to law enforcement authorities, pursuant to KRS § 620.030. Gilley contends that the Board had "actual knowledge and reasonable cause to believe that Vincent was sexually abusing [her], but failed to make the required report of same pursuant to KRS 620.030."

To plead fraudulent concealment sufficiently, a plaintiff must aver facts that, if true, demonstrate that the defendant's actions prevented the plaintiff from "inquiring into the action, or eluded [the plaintiff's] investigation, or otherwise [misled] the [p]laintiff." *Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 439 (W.D. Ky. 1994). Further, the plaintiff "is under the duty

---

[6]At one point in the district-court proceedings Gilley argued that a different, five-year statute of limitations applied to her claims, not the one-year statute of limitations. However, even if a five-year statute of limitations did apply, Gilley still did not file her claims within that statutory period because she filed her claims more than five years after she turned 18.

to exercise reasonable care and diligence to discover whether he has a viable legal claim," and "[a]ny fact that should excite his suspicion is the same as actual knowledge of his entire claim." *Id.* at 439-40 (internal quotation marks omitted). Thus, to overcome the Board's motion to dismiss, Gilley must have pled facts that support a plausible conclusion that the Board's failure to report the alleged sexual abuse pursuant to KRS § 620.030, and/or its other actions, prevented Gilley from inquiring into her causes of action, despite her reasonable attempt to do so.

"[C]oncealment ordinarily requires an affirmative act, [but] where the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct." *Munday v. Mayfair Diagnostic Lab.*, 831 S.W.2d 912, 915 (Ky. 1992). Still, we "may not assume fraudulent concealment in the absence of evidence to support it." *See Second Nat'l Bank & Trust Co. v. First Sec. Nat'l Bank & Trust Co.*, 398 S.W.2d 50, 52 (Ky. Ct. App. 1965). Evidence of a defendant's failure to report alleged sexual abuse under KRS § 620.030 is not dispositive of a finding of fraudulent concealment, but rather, "may constitute concealment" when combined with other facts, such as the intentional destruction of records. *Anderson v. Bd. of Educ. of Fayette Cnty.*, 616 F. Supp. 2d 662, 671 (E.D. Ky. 2009).

Although it is unclear whether the Board had a duty to report this alleged sexual abuse under KRS § 620.030,[7] for the purposes of this opinion, we assume that such a duty existed.

---

[7]The Kentucky Supreme Court recently examined more closely the reporting requirements of KRS § 620.030 in *Turner v. Nelson*, 342 S.W.3d 866 (Ky. 2011). The *Turner* court considered whether mandatory reporting was implicated where a student reported to her teacher allegations of sexual abuse by another student. Although the court found that KRS § 620.030 applied only to alleged abuse by a "parent, guardian, or other person exercising custodial control or supervision of the child," the court also explained that, even if KRS § 620.030 applied to abuse by students, the plaintiff had not sufficiently shown that the teacher had knowledge or reasonable cause to believe that the student had been abused by another student. *See Turner*, 342 S.W.3d at 872, 877. The statute "only directs

Contrary to Gilley's suggestion, however, the failure to report alleged sexual abuse under KRS § 620.030 *by itself* does not constitute concealment. *See Anderson*, 616 F. Supp. 2d at 671. Rather, that failure constitutes concealment only if it is accompanied by evidence of intent to conceal or an active effort to mislead. *See Second Nat'l Bank & Trust Co.*, 398 S.W.2d at 52. For example, in *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 287-88 (Ky. Ct. App. 1998), the Kentucky Court of Appeals found that the Diocese fraudulently concealed Secter's cause of action because the Diocese failed to report numerous incidents of sexual abuse by a high school counselor to authorities; concealed secret files with information about the known abuse; failed to discipline or sanction the counselor; and failed to inform students, faculty, and staff of any of these facts. The "Diocese clearly obstructed the prosecution of Secter's cause of action against it by *continually* concealing the fact that it had knowledge of [the counselor's] problem well before the time that Secter was abused." *Id.* at 290 (emphasis added). Further, in *Fayette County Board of Education v. Maner*, Nos. 2007-CA-002243, 2007-CA-002395, slip op. at *12-14 (Ky. Ct. App. May 22, 2009), the same court found that a superintendent fraudulently concealed Maner's cause of action because the superintendent failed

---

reporting by a person who knows or has reasonable cause to believe that a child is . . . abused[, and] where there is no actual knowledge of the event, there must be an objective determination that a reasonable belief existed." *Id.* at 877 (internal quotation marks omitted). From the plain language of the statute, a "reasonable belief" is more than awareness of an "allegation of sexual abuse" or a "mere suspicion" of sexual abuse. *See id.* "The legislature could have required reporting on a mere allegation or statement, but the standard is clearly higher." *Id.*

Here, the parties take opposing views on whether Cull's statements to the Board were sufficient to trigger the duty to report under KRS § 620.030. Gilley argues that Cull's report was more than an allegation because of the specific things she claimed to have witnessed, and that the Board's district investigation is evidence of the Board's "actual knowledge" of the sexual abuse. The Board responds that it did not have "actual knowledge" of the abuse because it did not personally witness the abuse, and that, it did not have reasonable cause to believe that Gilley was being sexually abused because the results of its district investigation indicated otherwise.

to report allegations of sexual abuse made by Maner and other students, *and* told Maner's mother not to report the alleged abuse to anyone.

Here, Gilley has not alleged any evidence to establish a plausible claim of fraudulent concealment, other than the Board's failure to report the alleged sexual abuse. *See Iqbal*, 556 U.S. at 678. Unlike the facts in *Secter* and *Maner*, the facts alleged by Gilley do not suggest that the Board intended to conceal Gilley's causes of action, or that the Board actively misled Gilley. Although Gilley claims that the Board interviewed Vincent and requested a letter from her mother only in an attempt to cover up the alleged sexual abuse, this Court need not accept Gilley's conclusion as true. *Iqbal*, 556 U.S. at 678 (Courts may disregard "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). Rather, we need only accept as true the facts alleged by Gilley: that the Board conducted a district investigation, and that Gilley's mother was asked to provide a letter stating that she was unaware of a relationship between Vincent and Gilley. These alleged facts are not sufficient to establish a plausible claim of fraudulent concealment. If the Board had been truly trying to conceal its knowledge from Gilley, it would not have conducted an investigation in which it questioned Gilley's mother, her alleged abuser, and Gilley herself[8] in order to prevent Gilley from finding out the impetus for that investigation. Rather, it would not have conducted an investigation at all. "Given the [Board's] willingness to investigate this matter, there is simply no evidence of active concealment of the sort found in *Secter* or *Maner*."

---

[8]The district court accepted as true that Gilley was questioned during the investigation because the affidavit containing that fact was attached to and specifically referenced in Gilley's complaint, and it was central to Gilley's claim that the Board had "actual knowledge" of the sexual abuse. Although Gilley now argues that the district court's factual finding is incorrect, we find no error; courts, when addressing a Rule 12(b)(6) motion, may consider facts from exhibits so long as those facts are central to the claims in the complaint. *See Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Moreover, there is no fraudulent concealment if the plaintiff is "aware of facts that should have aroused [her] suspicion of the claims against [the] [d]efendants at the time of [her] injuries." *Anderson*, 616 F. Supp. 2d at 671. Gilley's relationship with Vincent should have aroused her suspicion that she was being sexually abused. Additionally, three of the people likely closest to Gilley – her high-school friend (Cull), her alleged abuser (Vincent), and her mother – knew of the Board's district investigation, and such widespread knowledge in Gilley's close circles should have aroused her suspicion that the Board knew or reasonably should have known about the sexual abuse. Gilley even attached to her complaint an affidavit that stated that *she also* was questioned during the investigation; if that fact is true, Gilley certainly would have been aware of the Board's knowledge of the alleged sexual abuse.[9] Even if this Court accepted as true that Gilley was completely unaware both that she was being sexually abused and that the Board knew of that sexual abuse, under the circumstances presented here, we still cannot find that Gilley "exercise[d] reasonable care and diligence to discover whether [she had] a viable legal claim." *Hazel*, 863 F. Supp. at 439.

Because Gilley has not alleged sufficient facts establish a plausible claim that the Board fraudulently concealed her causes of action, the limitations period for her claims is not tolled. And given that Gilley filed her claims nearly six years after the applicable limitations period had ended, her claims are time-barred.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[9]As we have already noted, because this fact was attached to Gilley's complaint, and it was central to Gilley's claim that the Board had "actual knowledge" of the sexual abuse, this Court may accept it as true. *See Amini*, 259 F.3d at 502.